# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEVAUGHN STREET,           )
                           )
    Plaintiff,         )
                           ) No. 14-129
  v.                       )
                           )
CAROLYN COLVIN,            )
                           )
    Defendant.         )

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed for supplemental social security income, alleging disability beginning September 22, 2010, after he suffered a gunshot wound. Plaintiff appeals from the ALJ's August 21, 2012 decision finding that he was not disabled. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred in determining that his hip and leg impairment did not meet or equal the requirements of Listing 1.02A and 1.06. He also contends that the ALJ erred in arriving at an RFC regarding postural activities, because she incorrectly considered the opinion of Dr. Laufe, a consulting examiner. I have evaluated the medical evidence of record, as well as the ALJ's decision in that regard, and find no error.

As regards the Listings, the ALJ determined that there was insufficient evidence to determine that Plaintiff was unable to ambulate effectively. "Ineffective ambulation" is defined in Section 100B2b as "an extreme limitation of the ability to walk" and "having insufficient lower extremity functioning … to permit independent ambulation without the use of a hand-held

2

assistive device(s) that limits the functioning of both upper extremities." The ALJ pointed to Plaintiff's 2011 release to full weight-bearing activity, as tolerated; a note that he used a cane only for walking long distances; and the fact that his major dysfunction did not last for twelve months. Difficulties walking may be outweighed by other considerations; the ALJ is not required to rest her opinion on medical opinion evidence regarding functional limitations on walking. See Morrison v. Comm'r, 268 Fed. Appx. 186, 188 (3d Cir. 2008). "[I]n order to meet the definition of ineffective ambulation, Plaintiff must show the inability to walk without two canes, not one." McCleave v. Colvin, 2014 U.S. Dist. LEXIS 113545, at *26 (M.D. Pa. Aug. 15, 2014). Here, Plaintiff used a walker prior to the improvement noted by the ALJ. The ALJ's conclusion was supported by substantial evidence of record.[1]

With regard to the RFC, the ALJ discussed the opinion of Dr. Laufe, who performed a consultative evaluation in January, 2011. She gave "greater weight" to Dr. Laufe's opinions, noting that though "this was not exactly the nadir of the claimant's recovery, the medical records show that the claimant's condition only improved after this date as the claimant became increasingly weight bearing." The ALJ refrained from giving Dr. Laufe's assessment "complete weight," however, and rejected the portion of Dr. Laufe's opinion that restricted him from performing postural positions. In particular, Dr. Laufe marked "never" for bending, kneeling, stooping, crouching, balancing, and climbing. His report stated that Plaintiff "is unable to squat or rise from a squatting position." The ALJ noted that she did not find such limitations "realistic or actually supported in evidence." In that regard, the ALJ simply stated, "claimant would have had to be able to stoop even to use his wheeled walker at the examination." Although I agree that this conclusion appears the result of flawed logic, Dr. Laufe offered his opinion prior to

---

[1] As Plaintiff indicates, I will not revisit the question of Listing 1.06.

3

medical documentation of improvements relating to the postural positions at issue.   The ALJ's opinion was supported by substantial evidence.

## CONCLUSION

In sum, the ALJ's decision was supported by substantial evidence under applicable standards.  Therefore, Plaintiff's Motion for Summary Judgment will be denied, and Defendant's granted.  An appropriate Order follows.

## ORDER

AND NOW, this _4th_ day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's DENIED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, US District Court